**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4257**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MICHAEL R. REA,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard M. Gergel, District Judge. (2:14-cr-00483-RMG-1)

_____

Submitted: January 27, 2016      Decided: February 4, 2016

_____

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Janis Richardson Hall, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael R. Rea pled guilty, pursuant to a written plea agreement, to manufacturing and possessing with the intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841(b)(1)(B) (2012). The district court sentenced Rea to 60 months' imprisonment, the mandatory minimum sentence prescribed by statute for the offense. On appeal, Rea contends that the district court erred in applying a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014). For the reasons that follow, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). In conducting procedural reasonableness review, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a)[(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. We review the application of the § 2D1.1(b)(1) enhancement for clear error. United States v. Manigan, 592 F.3d 621, 630-31 (4th Cir. 2010).

The Guidelines direct a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." USSG

2

§ 2D1.1(b)(1). In order for the enhancement to apply, "the Government must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." Manigan, 592 F.3d at 628-29 (internal quotation marks omitted). "[P]roof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." Id.

If the Government carries its burden, "[t]he enhancement should be applied . . . unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). The defendant bears the burden of establishing such a clear improbability. United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011).

The district court found, and Rea does not contest, that the Government satisfied its burden. We conclude that Rea has not demonstrated that the district court clearly erred in finding that it was not clearly improbable that the firearm was connected with his criminal activity. The district court relied on considerations such as the proximity of one of the firearms - which was loaded - to the drugs and drug proceeds and the firearm's accessibility, factors which we have recognized as relevant to determining whether firearms are connected to criminal drug offenses. Manigan, 592 F.3d at 629.

3

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>